IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JONATHAN E. QUINLIN,
  Petitioner,

v.          Case No.  5:11cv333/MP/CJK

MICHAEL D. CREWS,[1]
  Respondent.
_____

# ORDER and
# REPORT AND RECOMMENDATION

  Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 13).  Petitioner replied.  (Doc. 17).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to

---

  [1]Michael D. Crews succeeded Edwin G. Buss and Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On November 7, 2006, petitioner was charged by Information filed in the Circuit Court for Jackson County, Florida, Case No. 06-541, with Lewd and Lascivious Molestation (of a person 12 years of age or older but less than 16 years of age). (Doc. 13, Ex. B).[2] The Information alleged that petitioner intentionally touched C. L. in a lewd and lascivious manner by touching her breast, genitals, genital area, or buttocks or the clothing covering them, or forced or enticed C.L. to so touch petitioner by causing petitioner's sexual organ to have union with C.L.'s sexual organ, thus impregnating C. L. (*Id*.). On February 20, 2007, petitioner, represented by counsel, entered a negotiated plea whereby he pleaded no contest to the charge of Aggravated Battery (carrying a maximum possible penalty of fifteen years imprisonment). (Ex. C). The plea agreement further provided that: (1) petitioner would be placed on probation for ten years, (2) adjudication of guilt would be withheld, (3) petitioner would follow all DCF parenting plans, (4) petitioner would pay child support as ordered by the court and (5) petitioner would have no sexual contact with C. L. unless the two were married or C. L. had attained the age of 18. (Ex. C). The trial court accepted petitioner's plea on February 20, 2007, having found it freely and voluntarily made. (*Id*.). The plea agreement was filed on February 27, 2007. (*Id*.). On February 28, 2007, the court entered an Order Withholding Adjudication of Guilt and Placing Defendant On Probation for ten years. (Ex. D).

On April 25, 2008, Probation Officer Dennis Keeman filed an Affidavit of Violation of Probation asserting that petitioner violated Condition 5 of his probation.

---

[2]All references to exhibits are to those provided at Doc. 13, unless otherwise noted.

(Ex. E).   Condition 5 of the probation order provided:  "You will live without violating the law.  A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation."  (Ex. D).   Officer Keeman's affidavit asserted that petitioner violated Condition 5 on April 22, 2008, by committing the criminal offense of Sexual Battery.  (Ex. E).   As grounds for belief that petitioner violated his probation, Officer Keeman stated:  "[T]he offender was arrested on 04-25-08, for the said offense by Captain Bill Bryant, Marianna Police Department, as told to Officer Dennis V. Keeman on 04-25-08, by receipt and review of copied Affidavit-Complaint Report #M08042432."  (Ex. E).   A copy of the Affidavit-Complaint was attached to Keeman's affidavit.  (*Id.*).   The Affidavit-Complaint, filed in Jackson County Circuit Court Case No. 08-305, charged petitioner with committing sexual battery on an 11 year old female (R. S. L.) on April 22, 2008. (*Id.*).   The Affidavit-Complaint was accompanied by a Probable Cause Narrative stating:

> On Tuesday, April 22, 2008, this defendant did commit the act of sexual battery by placing his penis in the vagina of the 11 year old victim.  This 11 year old victim was visiting her sister and the sister left her there with her husband (this defendant) while she went to the store. The victim stated this was the third time he has molested her and that he once tried to put his penis in her buttocks.  This victim told her mother that she was hurting between the legs and when her mother checked her found scratches on her vagina and asked what happened and this is when the victim told her mother what had happened.  The victim was ashamed and afraid to tell what was going on up until this date.  This defendant is currently on probation.  The victim turned 12 years old on [redacted]. She stated this incident took place in the afternoon before dark on Tuesday the 22nd, thus she was 11 years old.  She does not remember the dates of the other two times that she was molested by this defendant.

(Ex. E).  R. S. L. was C. L.'s sister.  C. L. was married to petitioner at the time.  (*See*

Ex. I). A Violation Report was filed on April 25, 2008, and a warrant for petitioner's arrest issued. (Exs. F, G).

On April 2, 2009, Probation Officer Jennie Dean filed an Amended Affidavit of Violation of Probation asserting the original violation and an additional violation of Condition 5 based on petitioner's "committing the criminal offense of Sexual Battery [on the victim of the original violation] on two prior occasions – dates are unknown, in Jackson County, Florida. . . ." (Ex. H). As grounds for belief that petitioner committed the additional violation, Officer Dean referenced and attached the same Affidavit-Complaint Report #M08042432. (*Id.*).

A probation violation hearing was held on April 6, 2009. (Ex. I). Petitioner was represented by counsel. (*Id.*). The victim, R. S. L., testified that on one occasion petitioner touched the top of her genital area causing injury (a scratch); that on another occasion petitioner attempted to penetrate her anally with his penis causing injury (tearing); that on another occasion (the day before the victim's birthday which was April 23rd) petitioner, while sitting in a chair with his penis exposed, grabbed R. S. L. as she walked by, pulled her pants down to her knees and tried to pull her down onto him in an attempt to make contact between his penis and her vagina, but was only able to make contact with R. S. L.'s inner thigh before she was able to free herself; and that on another occasion petitioner masturbated and ejaculated in R. S. L.'s presence (Ex. I, pp. 21-41). The State called other witnesses. Petitioner was allowed to cross-examine all of the State's witnesses, present his own witnesses, and testify on his behalf. (*Id.*). The court continued the case until the next day. The VOP hearing resumed on April 7, 2009. (Ex. J). At the opening of the hearing the State announced its desire to amend the Amended Affidavit of Violation of Probation to conform to the evidence:

MR. REDMON [for the State]: Yes, sir, Judge, I would like to, when I announced yesterday ready, I referred to an amended affidavit that was filed, I'm not sure that you have a copy of an amended affidavit in the file. The second amended, or the amendment that was added is in bold print, it references violation of Condition 5, which is a new law violation, and it does say by committing the criminal offense of sexual battery on two prior occasions, dates unknown.

What that amendment was relating to was two prior, the two prior offenses that our victim testified to yesterday, however, the testimony that was received yesterday did not rise to the level of, I think t[o] sexual battery.

I'd like to actually make an oral amendment, if I can, as it relates to the offense of lewd and lascivious molestation, lewd and lascivious molestation meaning as to the first incident that we heard testimony about in that when our victim testified, that he, the first, quote, "the first incident" as it was talked about when the defendant touched her in the top, I think the top of her area, between her belly button and the top of her genital area and left a scratch. I would argue that that was a lewd and lascivious molestation, that would be by a defendant more than eighteen years of age and the victim less than twelve.

Additionally, the second incident of lewd and lascivious molestation would be when the continuation, which was called the second incident by our victim, and as I ask that question, when she testified that he attempted to penetrate her anally with his privates, that that would also rise to the level of a lewd and lascivious molestation, again, by a defendant grater than eighteen years of age, but less than twelve.

And then the offense of lewd and lascivious exhibition, which would have included the instance where she testified that in front of the fish tank, he masturbated and ejaculated on the carpet, and we introduced evidence, and ultimately, introduced DNA evidence of that as well in the spot that she testified to. So I would ask that that amendment to the affidavit include those particular incidents necessarily named are charged

with the testimony that we've had.

(Ex. J, pp. 2-4). The trial court clarified that the prosecutor was saying that petitioner was charged with violating the condition of probation requiring him to live and remain at liberty without violating any law and that, because the affidavit filed by the probation officer specifically said sexual battery, the State wanted to amend it to conform to the evidence. (*Id.*, p. 4). The court clarified that the State's position was that the evidence showed other acts that may have been proved in addition to the ones alleged in the affidavit. (*Id.*). The court allowed the amendment over defense counsel's objection, explaining:

> THE COURT: Okay. All right, Mr. Studley [petitioner's counsel], I believe that the law does allow the State to amend to conform to the evidence in these kind of cases. Basically, when I put somebody on probation, there's always Condition 5 that says don't violate the law, and it can include anything that is proven to me by the level of VOP of violating the law, and so over your objection, the record will show your objection, I'm going to allow them to amend it to include all of the acts that were described by the victim in this case.

(*Id.*, p. 5). The court ruled that petitioner violated Condition 5 of his probation, explaining, in relevant part:

> [T]he level of proof required in a violation of probation is not beyond a reasonable doubt, it's not the same as a Jury Trial, it is less than that. The State has proven its case. I'm going to find that he did violate his probation by committing acts alleged in the amended violation to include the sexual battery, but also in the oral amendment today that the testimony showed that there was, at least, a lewd and lascivious and also a lewd and lascivious exhibition, that all of those have been proven to the level of a violation of probation.

(*Id.*, p. 6). The court adjudicated petitioner guilty of violating his probation for the offense of Aggravated Battery (*id.*, p. 6) and sentenced petitioner to fifteen years

imprisonment. (*Id*., p. 10). The Judgment and Sentence was filed on April 7, 2009. (Ex. K).

Petitioner appealed, raising two issues:

I.     THE TRIAL COURT ERRED BY ALLOWING THE STATE TO ORALLY AND SUBSTANTIVELY AMEND THE VIOLATION OF PROBATION AFFIDAVIT AFTER THE CLOSE OF THE EVIDENCE.

II.    THE TRIAL COURT ERRED BY FINDING THAT APPELLANT VIOLATED HIS PROBATION BY COMMITTING NEW CRIMES WHICH WERE NOT CHARGED IN THE VOP AFFIDAVIT IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS.

(Ex. M). On January 12, 2010, the Florida First District Court of Appeal ("First DCA") per curiam affirmed without written opinion. *Quinlin v. State*, 25 So. 3d 1228 (Fla. 1st DCA 2010) (Table) (copy at Ex. O).

On January 6, 2011, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. P). The motion was stricken on March 22, 2001, with leave to amend. (Ex. Q). Petitioner filed an amended Rule 3.850 motion on April 13, 2011, raising three claims: (1) counsel was ineffective for failing to object to the introduction of DNA evidence at the VOP hearing; (2) counsel was ineffective for failing to call a particular witness to cast doubt on the credibility of the State's witnesses and (3) counsel was ineffective for failing to impeach the victim's testimony with her inconsistent statements made at the VOP hearing. (Ex. R). The postconviction motion was denied on June 2, 2011, without an evidentiary hearing. (Ex. S). Petitioner's motion for rehearing was denied. (Exs. T, U). The First DCA summarily affirmed on October 5, 2011. *Quinlin v. State*, 72 So. 3d 753 (Fla. 1st DCA 2011) (Table) (copy at Ex. W). The mandate issued November 1, 2011.

Petitioner filed his federal habeas petition in this Court on October 9, 2011. (Doc. 1, p. 1). The petition presents two grounds for relief: (1) "Fundamental Error. The VOP Affidavit fails to provide information under oath of someone with personal knowledge of the alleged offense(s), in violation of Due Process guaranteed by Florida Constitution ART. I §§ 9, 12, 15, 16, and USA Constitution 4th , 6th and 14th Amendments."; and (2) "Fundament Error. The court errored [sic] by allowing the state to orally and substantively amend the VOP Affidavit after the close of evidence, in violation of the 14th Amendment right of Due Process of Law." (Doc. 1, pp. 4-6).

Respondent asserts that petitioner is not entitled to federal habeas relief, because Ground One is procedurally defaulted and presents a purely state law issue, and Ground Two is without merit. (Doc. 13).

## LEGAL STANDARDS

Claims Cognizable on Federal Habeas Review

Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, — U.S. —, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions."); *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law

are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision <u>is</u> contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a

new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

DISCUSSION

Ground One      "<u>Fundamental Error. The VOP Affidavit fails to provide information under oath of someone with personal knowledge of the alleged offense(s), in violation of Due Process guaranteed by Florida Constitution ART. I §§ 9, 12, 15, 16, and USA Constitution 4th , 6th and 14th Amendments.</u>" (Doc. 1, p. 4).

Petitioner asserts that the revocation of his probation violates due process, because the State "proceed[ed] against him upon invalid VOP affidavit(s)." (Doc. 1, p. 5). Petitioner alleges that the affidavits were invalid because they were based on hearsay and not the affiant's personal knowledge, and they failed to comply with sections 12, 15 and 16 of the Florida Constitution. Petitioner asserts that section 12 of the Florida Constitution provides that "no warrant shall be issued except upon probable cause, supported by affidavit"; that section 15 of the Florida Constitution provides that "no person shall be tried for [ ] a felony without [ ] an information under oath filed by the prosecuting officer"; and that section 16 of the Florida Constitution provides the right to be "informed of the nature and cause of the accusation." (Doc. 1, p. 5) (brackets in original). Petitioner asserts that he exhausted this claim by raising it in his motion for rehearing in his Rule 3.850 proceeding. (*Id.*).

Respondent asserts a procedural default defense, arguing that petitioner's

raising his claim for the first time in his motion for rehearing does not constitute proper exhaustion, because Florida law provides that a defendant may not obtain a merits review of a claim raised for the first time in a motion for rehearing. Respondent also asserts that petitioner's claim presents a purely state law issue and provides no basis for federal habeas relief. (Doc. 13, pp. 8-11).

Petitioner replies that his procedural default is excused, because he was not represented by counsel in his Rule 3.850 proceeding. (Doc. 17, p. 2 (relying on *Martinez v. Ryan*, 566 U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012)).

The Court need not reach the procedural default issue, because petitioner's factual allegations (taken as true) do not plausibly suggest that the revocation of his probation violated due process. The Due Process Clause undoubtedly imposes some restrictions on the power of states to revoke summarily a probationer's conditional liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). In *Gagnon* and *Morrissey*, the Supreme Court confronted the questions of what procedural safeguards the Constitution requires for, respectively, probation and parole revocation proceedings. The Court set forth the following "minimum requirements of due process":

> "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

*Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761 (*quoting Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604) (parentheticals inserted by *Gagnon* Court).

Petitioner does not assert in Ground One that he was denied fair notice of the claimed violations of probation and the basic facts supporting them. The fact that the VOP affidavits incorporated an Affidavit-Complaint that contained hearsay (the statements of the victim as related by Captain Bryant) does not suggest that petitioner failed to receive fair notice of the claimed violations. To the extent petitioner claims the VOP affidavits failed to comply with state law requirements pertaining to warrants and criminal charging documents, his claim presents a purely state law issue and does not provide a basis to grant federal habeas relief. *See* 28 U.S.C. § 2254(a); *Swarthout, supra*; *Estelle, supra*.

Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two      "<u>Fundament Error. The court errored [sic] by allowing the state to orally and substantively amend the VOP Affidavit after the close of evidence, in violation of the 14th Amendment right of Due Process of Law.</u>" (Doc. 1, p. 5).

Petitioner asserts that the State's amendment of the VOP affidavit to conform to the evidence violated his due process right "to be noticed of the specific charges on which he is to defend. . . ." (Doc. 1, p. 6). Petitioner states that he exhausted this claim by raising it in his motion for rehearing in his Rule 3.850 proceeding.

Respondent asserts, and the record establishes, that petitioner presented this claim in his direct appeal. (Ex. M). The First DCA per curiam affirmed the revocation of petitioner's probation without written opinion. (Ex. O).

Respondent asserts petitioner is not entitled to federal habeas relief, because the First DCA adjudicated petitioner's claim on the merits, and the state court's decision

was neither contrary to clearly established federal law, nor based on an unreasonable application of clearly established federal law. (Doc. 13, pp. 12-21).

Petitioner asserts in his reply that the state court's decision does not constitute an adjudication on the merits, because the district court in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), held that a state appellate court's per curiam affirmance is not an adjudication on the merits. (Doc. 17, p. 1). Petitioner's argument is without merit. The Eleventh Circuit reversed the district court's ruling in *Shelton, supra*, and held that a Florida appellate court's per curiam affirmance without opinion was "an 'adjudication on the merits' entitled to AEDPA deference." *Shelton v. Sec'y, Dep't of Corr.*, 691 F. 3d 1348, 1353 (11th Cir. 2012). The United States Supreme Court has also rejected petitioner's argument. *See Johnson v. Williams*, — U.S. —, 133 S. Ct. 1088, 1096, 185 L. Ed. 2d 105 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits. . . ."); *Harrington v. Richter*, 562 U.S. —, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Petitioner has not attempted to rebut the presumption that the First DCA's per curiam affirmance without opinion was an adjudication on the merits. The First DCA's decision is entitled to AEDPA deference.

The clearly established federal law with regard to the minimum requirements of due process in the context of probation revocation proceedings is set forth above. *Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761. The First DCA's rejection of petitioner's claims on direct appeal was not contrary to, or an unreasonable application of,

*Gagnon*.  The original and first amended VOP affidavits put petitioner on fair notice of the basic facts concerning the alleged violation – that petitioner engaged in unlawful sexual activity with  R. S. L. on the afternoon of April 22, 2008, by attempting to put his penis in her vagina, and that he sexually molested R. S. L. on two prior occasions, one of which involved his attempt to put his penis in her buttocks. Petitioner was not misled in the preparation of his defense.  Petitioner's defense strategy was to insist that he had no inappropriate contact with R. S. L. and that she was lying – a strategy that would not likely have changed if the charging document had been amended before the presentation of evidence.  After hearing the evidence presented at the revocation hearing, the trial court found that based on the lower standard of proof required at probation revocation hearings, the State presented enough evidence to show that petitioner violated his probation for the new law violation of sexual battery as alleged in the amended VOP affidavit, as well as lewd and lascivious behavior.  Petitioner's revocation hearing was not rendered unfair at all, and certainly not fundamentally unfair, by the oral amendment of the VOP affidavit.

The state court's rejection of petitioner's claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law.  Petitioner is not entitled to federal habeas relief on Ground Two.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as the respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the revocation of petitioner's probation in *State of Florida v. Jonathan Edgar Quinlin* in the Circuit Court for Jackson County, Florida, Case No. 06-541 be DENIED, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 10th day of May, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).